O'BRIEN v. PETTIS & LEITHE ET AL.

1. **Mechanic's Lien**: SEPARATE BUILDING: PRIORITY OF MORTGAGE. Facts considered under which it was held that a building for which materials were furnished and work done was not an independent structure, to which a mechanic's lien would attach and take priority over an existing mortgage upon the building to which it was attached and of which it became a part. Title acquired under judicial sale in accordance with a decree of foreclosure of the mortgage was adjudged to be paramount to that conferred by foreclosure of the mechanic's lien. Following *Getchell & Tichenor v. Allen*, 34 Iowa, 559.

*Appeal from Fremont District Court.*

WEDNESDAY, DECEMBER 29.

THIS is a controversy respecting the priority of right and title to a certain lot and building thereon in Hamburg. The plaintiff claims title under a mortgage foreclosure sale, and the defendant under a mechanic's lien foreclosure sale. The plaintiff, asserting his title as paramount, brings this suit in equity to enjoin the defendants from receiving a sheriff's deed and from asserting any title under their purchase; and asks that his title be quieted. The defendants, by answer and cross bill, assert the paramount character of their title and

ask that the same be quieted.  There was a decree for the plaintiff, and defendants appeal.  The further facts are briefly stated in the opinion.

*J. W. Dalby* and *Stow & Hammond*, for appellants.

A mechanic's lien upon a building erected on land subject to a prior incumbrance takes precedence over the latter. (*Stockwell v. Carpenter*, 27 Iowa, 119.)  The object of the mortgage is to pledge the real estate to secure the debt, not to vest the title in the mortgagee. (*Newman v. De Lorimer*, 19 Iowa, 244; *Porter v. Greene*, 4 Id., 571.)  Interests in real estate and buildings may by operation of law be severed and divided as may be equitable and just between several owners. (*Rhodes, Pegram & Co. v. McCormick*, 4 Iowa, 368.)  *Getchell & Tichenor v. Allen*, 34 Iowa, 559, is authority only so far as it holds that a building standing upon the land when the mortgage is executed cannot be sold and removed by a subsequent lien holder.

*E. H. Scars* with *Cornish & Draper*, for appellee.

Cole, J.—The plaintiff derives title to the lot in controversy under a mortgage made by the owner, Oct. 18, 1868, and a decree of foreclosure thereof rendered Aug. 29, 1871, and a purchase thereunder made at sheriff's sale May 4, 1872.

The defendants claim title by virtue of work done and materials furnished for making certain improvements on said lot during 1871.  The mechanic's lien claims therefor were filed, one on July 6, 1871, and judgment rendered thereon Jan. 4, 1872; the other July 11, 1871, and judgment rendered thereon March 8, 1872, and a sale under both Sept. 2, 1872.  It will be seen that the mortgage was the first incumbrance upon the lot; that the filing of the mechanic's lien followed next in order of time; then the judgment upon the foreclosure of the mortgage; then the sale under that judgment; and then the judgment of foreclosure of mechanic's liens, and then the sales thereunder.  So far, therefore, as the right to the lot itself is concerned there can be no question as

to the paramount right and title of the plaintiff. While the sheriff's sale under the mechanic's lien was of the lot in question, *and the building thereon*, yet the defendants only claim a prior lien to the building. It was for this building that the materials were furnished and work done, and for which the mechanic's lien was established.

The defendants' right depends upon the fact as to whether the building upon which these materials were furnished and work done is so far an independent structure as to be capable of being removed without materially injuring or destroying that which would remain, or whether it is so united with that which was before upon the lot, as to constitute substantially the one building or structure.

The premises were, prior to the improvement, used for a hotel. The buildings thereon which were so used were partly of wood and partly of brick. The east and west ends were of brick, the intermediate was a frame structure. This frame was removed and the space it occupied was filled with a brick structure. And in doing this the walls of the building were banded together, and above the first story constituted a continuous outer wall. The arrangement of the hotel was materially altered, and the whole structure was re-arranged and adapted to use alone as an entirety. Without stating here in detail all the facts shown by the testimony, it is sufficient to announce that we are entirely agreed with the court below in the finding of fact, that the building, as it now stands, is essentially one, and that it would be wholly impracticable to remove the new structure without practically destroying the whole. Upon this fact being found, the case is brought completely within the rule as settled by this court in *Getchell & Tichenor v. Allen et al.*, 34 Iowa, 559. Following that case, with which we are still content, the judgment in this must be

AFFIRMED.