[No. 606.  Decided December 8, 1892.]

MARION L. WRIGHT, *Appellant*, v. WILLIAM H. COWIE AND R. N. McFADDEN, *Respondents*.

MECHANICS' LIENS — ENFORCEMENT — PARTIES — LIEN ON PART OF BUILDING.

In order to enforce a mechanic's lien against a certain parcel of land and the building thereon, the owner of a leasehold interest in a portion of the land and building is a necessary party to the notice of lien and to the action.

Under the mechanics' lien law a lien cannot be enforced against a part of a building, although the work done may have been for the sole and exclusive benefit of the occupant or lessee of such portion of the building.

*Appeal from Superior Court, King County.*

*Blaine & De Vries*, for appellant.

The opinion of the court was delivered by

HOYT, J.— The action of the lower court in holding that the plaintiff could not maintain his lien in this cause was right. If we construe the proceeding as an attempt to enforce the lien against the entire building known as the Cowie block, it must fail for the reason that the owner of the leasehold interest in a portion of the land covered by said building, and of a part of the building erected thereon, is not made a party to the notice of lien or to the action. If we construe it to be an attempt to enforce such lien as against the portion of the building owned and occupied by the respondent Cowie, then it must fail, for the reason that under our law a lien cannot be enforced against a part of a building. The whole tenor of the law shows that it was the intent of the legislature to provide for a lien upon an entire building for such work thereon by way of construction or repairs as might be considered a part of such entire building. There is nowhere an intent manifested to give a lien upon a particular room in a building for work done for the occupant or lessee of such room for the sole and exclusive benefit thereof. And the fact, which appears in this case, that the occupants of the respective parts of this building each held a leasehold, instead of a fee simple, title could in no manner aid the contention of the appellant.

Judgment of the court below must be affirmed.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.