In re Estate of ALICE C. JUDY; CHURCH et al., Appellants, v. FARRELL, Administrator.

Division One, December 17, 1901.

1. **Judgment of Probate Court:** PARTNERSHIP: FINALITY: AFTER FINAL SETTLEMENT. The judgment of the probate court in finding that a partnership existed between the deceased and the person asking to qualify as administrator, and in appointing him administrator of the partnership estate, is final and conclusive upon final settlement, and can not be attacked by excepting to the final settlement of the same surviving partner as administrator of the individual estate of the deceased partner, but only for fraud in a direct proceeding.

2. ———: ———: INVENTORYING GOOD-WILL. The matter of inventorying the good-will of a partnership estate by the administrator thereof is one belonging exclusively to the proper administration of that estate and is concluded by the final settlement of that estate, and can not subsequently be raised by excepting to the final settlement of the surviving partner as administrator of the individual estate of the deceased partner. Nor does the purchase by him as surviving partner of such good-will from the heirs of the deceased partner affect the conclusiveness of such final settlement or judgment.

3. ———: ———: ITEMS INCLUDED IN SETTLEMENT: REVIEW IN INDIVIDUAL ADMINISTRATION. Items pertaining to the partnership estate included in the final settlement of that estate, can not be reviewed by exceptions to the final settlement of the surviving partner as administrator of the individual estate of the deceased partner. The administrator as surviving partner does not settle with himself as administrator of the individual estate, but with the probate court, and the approval of the final settlement in the partnership estate was a final judgment of all matters embraced therein.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Johnson & Richards* for appellants.

(1) The agreement between respondent and his intestate (Mrs. Judy) did not create a partnership between them. McDonald v. Matney, 82 Mo. 365; Newspaper Co. v. Farrell, 88 Mo. 594; Clifton v. Howard, 89 Mo. 192; Thompson v. Holden, 117 Mo. 118; Bank v. Outhwaite, 50 Mo. App. 124. (2) But whether that agreement did or did not create a partnership between the parties, it, according to its express terms, only gave respondent an interest in the profits realized from the business of "W. W. Judy & Co.," and secured to Mrs. Judy all the assets of the business. (3) It therefore follows, that the one-half of the assets of the so-called "partnership estate," which were, according to the record, appropriated by respondent, belonged to Mrs. Judy, and that he should have been required to charge himself with an account for the same as administrator of her individual estate. (4) The judgment of final settlement in the "partnership estate," having been rendered, as it were, at the suit of respondent alone and in favor of and against himself, was and is void as to these exceptors, and they are not concluded thereby or from requiring respondent to account as administrator of the individual estate for all the moneys and property which came into his hands as administrator of the "partnership estate," which it clearly appears he has not accounted for or charged himself with. State, etc. v. Bidlingmaier, 26 Mo. 485; State, etc. v. Reinhardt, 31 Mo. 95; Clark v. Crosswhite, 28 Mo. App. 38. (5) The "good-will" of the business of "W. W. Judy & Co." possessed a property value, and belonged to Mrs. Judy's estate. The fact that respondent took an assignment of the same from Mrs. Judy's heirs, did not relieve him from the necessity of charging himself with and accounting for that asset, so that the same could have been distributed in the manner provided by law. That assignment may have been fraudulently obtained or otherwise invalid, and neither the adminis-

In re Estate of Alice C. Judy.

trator nor the probate court had the power to pass upon its validity or effect. Johnson v. Jones, 47 Mo. App. 238; State etc., v. Jones, 131 Mo. 204. (6) The trial court erred in excluding from evidence the inventory, appraisement and annual settlement of the "partnership estate," and also in overruling appellants' exception to the final settlement of the individual estate of Alice C. Judy.

*C. A. Schnake* for respondent.

(1) A distributee can not, by objecting to a final settlement, raise and litigate the question whether the administrator has failed to inventory an asset. There is no statute allowing the same to be done; and section 268, Revised Statutes 1899, does not apply. Wilson v. Ruthrauff, 82 Mo. App. 435; Johnson v. Johnson, 82 Mo. App. 350. And a distributee can not, by objecting to a final settlement, raise and litigate the question whether or not the "good-will" of a partnership has descended to him, as such question can only be litigated in a court of equity. Gordon v. Eans, 97 Mo. 605; Johnson v. Johnson, 82 Mo. App. 350. (2) The probate court, as well as the circuit court, found that there was no evidence sustaining either the second or third ground of the exceptions, as will appear from the conclusions of facts found. The judgment of the probate court can not be set aside by that court at all, and not by any other court, except in a direct proceeding, in equity, on the ground of fraud perpetrated upon the court in the very act of procuring the judgment, and this implies that the parties shall have been brought into court by a summons and not by a mere notice from one to the other. Smith v. Hauger, 150 Mo. 437; Covington v. Chamblin, 156 Mo. 574. (3) And a community of profits implies a community of losses, because losses are, in a certain sense, "nothing more than a diminution of profits." Parsons, Contracts, p. 58; Priest v. Chouteau, 12 Mo. App. 256; Parsons on Part-

nership (4 Ed.), sec. 54; Mackie v. Mott, 146 Mo. 230.    A
partnership in profits may exist without including title to the
property out of which the profits may be made. Deyerle v. Por-
ter & Hunt, 50 Mo. App. 541; Mackie v. Mott, supra; Martin v.
Cropp, 61 Mo. App. 607.    (4)   The court will not compel
a surviving partner, administering a partnership estate, to
account for the good-will of the firm to an heir of the deceased
partner if it appears that such good-will is subject to the claims
of such survivor, or if it further appears that it was either of
no value to an outsider, or that it would have been destroyed
by the withdrawal of the surviving partner, or by his refusal
to carry on the old business so as to preserve the same until
the final winding up of the partnership affairs.    1 Woerner on
Administration (2 Ed.), sec. 127, p. 314; Scudder v. Ames,
142 Mo. 228.    (5)  There is no claim made that the legatees
were incompetent to make the sale of their respective interest
of their aunt in the partnership estate; neither is there any
evidence showing that the administrator's conduct was unfair,
fraudulent or suspicious, but on the contrary there is evidence
to show that the sale was made to him upon a fair and open
disclosure of all things regarding the estate in his hands, and
for more money than the interest acquired was worth. Under
such circumstances the sale by the heirs to the administrator
is not void.    State ex rel. v. Jones, 131 Mo. 194.

MARSHALL, J.—This case arises on exceptions, by
heirs of Alice C. Judy, to the final settlement of Farrell, the
administrator of Mrs. Judy's estate.    The exceptions were
overruled by the probate court of the city of St. Louis, and
also by the circuit court of that city, and the heirs appealed.

The exceptions are:   First, that the administrator did
not inventory or account for the good-will of the firm of W.
W. Judy & Co., a business owned and carried on in that name
by Mrs. Judy, which it is alleged was of the value of $20,000;
second, that the administrator received, at the time of his ap-

pointment, $4,367.06 in cash belonging to Mrs. Judy, and thereafter collected various other sums amounting to $2,153.31, aggregating $7,520.37 (evidently a mistake, as the two sums only amount to $6,520.37), and only accounted for $3,292.37, and converted the balance to his own use; third, that the administrator, at the time of his appointment, received as the property of Mrs. Judy, certain specified property, of the value of $372.95, which he failed to account for, and converted to his own use.

The evidence adduced in the circuit court, and the special finding of facts by that court, establish the facts to be, that for many years W. W. Judy carried on a game and produce business; that he employed Farrell as the manager thereof; that Judy died some time prior to October 27, 1891. There was no administration upon his estate, but his widow, Alice C. Judy, was the sole legatee under his will. On the twenty-seventh of October, 1891, she and Farrell entered into the following agreement:

"Articles of co-partnership made and entered into this twenty-seventh day of October, 1891, by and between A. C. Judy and James T. Farrell, both of the city of St. Louis, State of Missouri, witnesseth; that for and in consideration of the services of managing the business known as W. W. Judy & Company commission business and his stand at the Union Market, which business and stand now belong entirely to Alice Judy, as well as all of the capital invested in the business, it is agreed that James Farrell shall receive for his services one-half of the net yearly profits after all expense of every kind, nature and description attending the carrying on of said business are first paid. And it is further agreed that neither one shall draw from the firm during the year a sum to exceed one hundred dollars per month. And it is further agreed, should James Farrell for any cause withdraw from the firm, no de-

mands of any kind, nature or description are to be made by him against the capital and fixtures, horses and wagons, belonging to the firm; these are to remain the property of A. C. Judy, both at store and Union Market stand.    It is also agreed James Farrell furnish A. C. Judy a trial balance sheet every three months, in addition to weekly reports.    It is further agreed that all amounts prior to September, 1888, shall be held the absolute property of A. C. Judy.

"A. C. Judy,

"J. T. Farrell."

The business was carried on under the name of W. W. Judy & Co., by Mrs. Alice C. Judy and J. T. Farrell, pursuant to the above agreement, until Mrs. Judy's death. Then Farrell was appointed and qualified as surviving partner of the firm of W. W. Judy & Co., and also as administrator of the individual estate of Mrs. Judy.    As surviving partner he did not inventory the good-will of W. W. Judy & Co., but he purchased that good-will from the heirs for one thousand dollars.    As surviving partner he charged himself with the $4,364.06 and the $2,153.31 specified in the second exception hereinbefore referred to in this case, as he did also the $372.95 specified in the third exception herein.    As surviving partner he wound up the partnership estate, accounted for the money referred to in the second and third exceptions herein, and on the sixteenth of September, 1896, he made final settlement and was finally discharged as such surviving partner.    Thereafter on the first of June, 1898, Farrell filed his final settlement as administrator of the individual estate of Alice C. Judy, and the heirs of Mrs. Judy filed the exceptions thereto hereinbefore specified.

## I.

The matters embraced in the exceptions were matters pertaining to the proper administration and settlement of the

partnership estate of W. W. Judy & Co.   Whether there was a partnership between Mrs. Judy and Farrell was a question arising at the very threshold of the administration of the assets of the firm.   If there was, Farrell, as surviving partner, was entitled to administer upon them.   If there was not, then the next of kin to Mrs. Judy was, primarily, entitled to administer upon them.   The determination of this question was within the probate jurisdiction of the probate court.   That court decided there was a partnership and permitted the surviving partner to qualify and administer and finally discharged him from the trust.   The judgment of that court on that matter is final and conclusive, except in a direct attack for fraud, and can not be impeached in a collateral proceeding, as is attempted in this case.   [Gentry v. Gentry, 122 Mo. l. c. 222; Green v. Tittman, 124 Mo. l. c. 378; Lietman's Extr. v. Lietman, 149 Mo. l. c. 117; Smith v. Hauger, 150 Mo. l. c. 444, and cases cited; Covington v. Chamblin, 156 Mo. l. c. 587.]

In the administration of the individual estate of Alice C. Judy, it is true, as charged in the exceptions, that the administrator did not inventory the good-will of the firm of W. W. Judy & Co., nor did he do so in his inventory of the partnership estate, but that was a matter belonging exclusively to the proper administration of the partnership estate and concluded by the final judgment in that estate.   As to the $4,-367.06 and the $2,153.31 covered by the second exception, and the $372.95 covered by the third exception, it is true that the administrator of the individual estate did not charge himself with those items, but they pertained to the partnership estate and not to the individual estate, and Farrell, as surviving partner, charged himself with all these items and accounted for them in his administration of the partnership estate, and his acts in respect to them were approved by the final judgment in that case.   They are not open to attack or review in the settlement of the individual estate.

To avoid this conclusion the exceptors contend that Far-

rell, as surviving partner, settled with himself as administrator of the individual estate, and, therefore, the final settlement of the partnership estate is void. If the premises were true the conclusion contended for would logically follow. But the premises are not true. Farrell, as surviving partner and as administrator of the individual estate, is under the control of the probate court. The settlements are subject to the orders of the court. These exceptors had the same right to except to the final settlement of the partnership estate that they had to except to the final settlement of the individual estate. The surviving partner made a final settlement of the partnership estate. The exceptors filed no exceptions. The probate court passed final judgment upon the administration of the partnership estate. The matters then ceased to be settlements and became a judgment of the court Such matters are not open to review in the settlement of the individual estate, and it is not the fact that Farrell was settling with himself nor that the final judgment in the partnership matter is void.

Finding no error in the judgment of the circuit court, it is affirmed. All concur.