STATE OF MISSOURI ex rel., W. O. GRAY, Trustee, Respondent, v. HENRY S. CARROLL et al., Appellants.

### St. Louis Court of Appeals, April 28, 1903.

1. **Executor's Bond: ACTION ON: RECORD PROPER FOR REVIEW: APPELLATE PRACTICE.** Where the record alone is brought to the appellate court, such court is confined to the questions appearing on the face of the record proper, and manifest errors of a fatal character may be reviewed even though no motion for a new trial was made in the court below.

2. ——: **EXECUTOR'S SETTLEMENT: ATTACKED FOR FRAUD IN A COURT OF EQUITY.** The final settlement of an executor can not be attacked for fraud in a collateral proceeding, and can only be attacked in equity by a direct proceeding on the ground of fraud, perpetrated on the court in the very procurement of the judgment.

3. ——: ——: **JUDGMENT ERROR TO RENDER, WHEN.** Final settlements of executors are final judgments, which can not be attacked for fraud in a collateral proceeding in a court of equity; and where, in an action on an executor's bond, defendant pleaded such a settlement and plaintiff in his reply admitted the same but alleged fraud, it was error to render judgment for plaintiff.

Appeal from Pike Circuit Court.—*Hon. David H. Eby, Judge.*

REVERSED AND REMANDED.

*Ball & Sparrow* and *Dempsey & McGinnis* for appellants.

(1) That the final settlements of executors have the force and effect of final judgments, and are entitled to the same immunities, is no longer questioned in this State. This view is sustained by an unbroken line of authorities in this State. State ex rel. v. Roland, 23 Mo. 95; Garton v. Botte, 73 Mo. 274; Van Bibber v.

Julian, 81 Mo. 618; Patterson v. Booth, 103 Mo. 402. (2) A judgment of a probate court, finally settling and distributing an estate and discharging an executor, is a final judgment, which, after the expiration of the term at which it is entered, can not be set aside by that court at all, and not by any other court, except in a direct proceeding in equity, on the ground of fraud perpetrated upon the court in the very act of procuring the judgment. This doctrine has been very strictly adhered to by the Courts of Appeals and Supreme Court in the following, as well as many other cases: In re Estate Judy, 166 Mo. 13; Smith v. Hauger, 150 Mo. 437; State ex rel. v. Gray, 106 Mo. 526; Patterson v. Booth, 103 Mo. 402; Yeoman v. Younger, 83 Mo. 424; Van Bibber v. Julian, 81 Mo. 618; Woodworth v. Woodworth, 70 Mo. 601.

*Tapley & Fitzgerrell* and *W. O. Gray* for respondent.

(1) Appellants' contention that a final settlement was admitted by the answer, is erroneous. It is true, that the reply after denying there was a final settlement stated that the executors made a pretended final settlement, but fairly construed (and every presumption must be in favor of the judgment of the trial court) the reply denies the settlement, and asks to have any action of the executors set aside, only provided the court should find there was such settlement or pretended settlement. The reply can mean nothing else. It denies the new matter set up in the answer, and the settlement is the only new matter in the answer. Fairly construed as a whole, the reply states there was no final settlement made by the executors, but should the court find that the action of the executors was in the nature of a final settlement, then it asks that said action or pretended settlement be set aside for fraud. Appellants failed to file any bill of exceptions in this case, and in the absence of such bill "every reasonable presumption or

intendment must be indulged in support of the judgment." Zugg v. Arnold, 75 Mo. App. 68. (2) Exceptions not covered by motions for new trial and in arrest will be considered waived. 20 Mo. App. 427. Even a misjoinder of causes of action will not be reviewed by the appellate court in the absence of exceptions. Brook v. Daggs, 58 Mo. App. 190. Matters passed over in the trial court can not be raised for the first time on appeal. 71 Mo. App. 332. The appellate court assumes everything in favor of the acts of the trial court and presumes everything in favor of the verdict. Smith v. Johnson, 107 Mo. 494.

REYBURN, J.—This is an action upon the statutory bond of executors against them and their sureties, and the breach assigned is that the probate court of Pike county ordered the executors to pay to the trustee of the estate, whereof plaintiff was present trustee, a distributive share, a balance of which remained unpaid after demand therefor.

The joint answer of defendants admitted the fiduciary capacity of plaintiff, the executorship and bond, but denied the breach and pleaded affirmatively payment to plaintiff's trust of all sums due from the estate administered on. The answer further averred that the executors, after due and legal notice, had made full, complete and final settlement of the estate which had been fully and finally approved.

In addition to a general denial, the reply admitted that the executors had made a *pretended* final settlement of the estate, but it was averred, that such pretended final settlement was false and fraudulent, and procured by false and fraudulent representations made to the court, whereby the court was deceived, and it was further and specifically alleged, that in such pretended final settlement and in all their annual settlements, the executors represented to the court that they had paid to plaintiff's trust estate, as shown in their settlement,

May 1, 1883, as directed by the probate court, a sum specified, which representation was false and fraudulent and the court thereby deceived and misled, and a prayer was added to set aside all such settlements.

The cause was tried by the court, which rendered judgment in favor of relator and defendants have brought for review by this court the record alone. We are therefore confined to the consideration of questions appearing on the face of the record proper, and errors or defects of a fatal character thus manifest may be reviewed even where a motion for new trial may be lacking. Land Co. v. Bretz, 125 Mo. 318; State ex rel. v. Scott, 104 Mo. 26.

It was pleaded by defendants that final settlement had been made in legal manner and after due publication which was admitted by the reply, but therein asked to be annulled for fraud in its procurement. The rule is too firmly established in this State to be now the subject of dispute, that the final settlements of executors are, in substance and effect, final judgments and, as judgments of courts of competent jurisdiction, can not be attacked for fraud in a collateral proceeding. In the words of the Supreme Court, "A judgment of a probate court finally settling and distributing an estate and discharging an executor, is a final judgment, which after the expiration of the term at which it is entered, can not be set aside by that court at all, and not by any other court except in a direct proceeding in equity on the ground of fraud perpetrated upon the court in the very act of procuring the judgment." Smith v. Hanger, 150 Mo. 437. To the same effect is In re Estate of Judy, 166 Mo. 13; Green v. Tittman, 124 Mo. 372; Covington v. Chamblin, 156 Mo. 574; Patterson v. Booth, 103 Mo. 402; Nelson v. Barnett, 123 Mo. 564; Howell v. Jump, 140 Mo. 441; State ex rel. v. Gray, 106 Mo. 526; McLanahan v. West, 100 Mo. 309; Camden v. Plain, 91 Mo. 117; Miller v. Major, 67 Mo. 247; Sheetz v. Kirt-

ley, 62 Mo. 417; Garner v. Tucker, 61 Mo. 427; Wood-worth v. Woodworth, 70 Mo. 601; State to use, etc. v. Roland, 23 Mo. 95, and numerous other cases.

Respondent interposes that the foregoing doctrine, if recognized, is not applicable, as the presumption in this court should be that appellants failed to show any final settlement, and further, all assumptions are in favor of the correctness of the acts of the trial court. The reply admits in express terms that such settlement was made, and the interposition of the qualification is inconsistent with such clear and repeated admission and at war with the prayer of the reply for the annulment of such settlements, final and annual alike.    While recognizing the rule so frequently announced, that we must presume, in absence of a showing otherwise, that the circuit court ruled correctly, yet the action of the trial court can not thereby be sustained herein, as the infirmities and errors charged are made manifest by the record.

The judgment will be reversed and in view of the fact that the case was presented to this court for review upon the record, it will be remanded for such further proceedings as the parties thereto may be advised in conformity to this opinion.    *Bland, P. J.*, and *Goode, J.*, concur.