## VOL. 57, JANUARY TERM, 1909.     391

DeSoto Nat. Bank v. Arcadia Elec. Lt. Ice & Tel Co.—Syllabus.

DeSoto National Bank, a Corporation, *Appellant*, v. Arcadia Electric Light, Ice & Telephone Company, a Corporation, *Appellee*.

A partner's interest in realty may be subjected to a lien for labor and material, though his co-partner be under coverture and the realty be sold to one with notice of the claim.

This case was decided by the court En Banc.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell* and *J. W. Burton*, for Appellant;

*W. E. Leitner*, for Appellee.

Cockrell, J.—This is an appeal from an order overruling a plea interposed by the bank to a bill to enforce a lien for materials and labor upon a building purchased by it from Simmons, Langford & Company. The bill alleges service of the statutory notice upon Simmons, Langford & Company, the then owners of the building, of the complainant's intention to hold a lien on the property and the knowledge of the bank of the lien before its purchase.

The plea avers that the firm of Simmons, Langford & Company was composed of W. W. Langford and M. P. Simmons, and that said Simmons was and is a married woman, who prior to the filing of the bill had parted with all her interest in the property.

The court held the plea bad upon the theory that while under the decision of this court in Smith v. Gauby, 43 Fla. 142, 30 South. Rep. 683, Mrs. Simmon's former in-

terest in the property could not now be reached, yet Langford's interest might be, and the bank's contention here is that nothing less than the whole interest can be subjected, and relies upon a decision by the Supreme Court of Washington, Wright v. Cowie, 5 Wash. 341, 31 Pac. Rep. 878, as supporting the contention. That case holds that the Washington statute does not contemplate a lien upon a portion of a building, a splitting up of the building. There is no attempt here to subject a portion of the lot or building, but Langford's undivided interest in the entirety. As a partner he was liable to creditors of the firm for all its debts, the entire debt, not a portion of it, and his title in the firm's realty must be taken to be a fee-simple absolute to the whole though he share his interest with another, and whatever that may be worth it is subject to the lien granted by the statute, in obedience to the express command of the constitution, for the improvements placed thereon by his consent and when the proper steps have been taken the lien attaches to the rem as against subsequent purchasers.

Section 2195 of the General Statutes provides expressly that the lien shall be upon the interest of the owner, and if that be less than the absolute interest then upon that limited interest. Neither his personal liability nor his specific property interest will be permited to hide behind a woman's skirts and claim non-liability by reason of the shield cast around her.

The order is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.