THE DESOTO NATIONAL BANK, A CORPORATION, *et al., Appellants,* v. THE ARCADIA ELECTRIC LIGHT, ICE AND TELEPHONE COMPANY, A CORPORATION, *Appellee.*

1. Where a statutory lien is given upon compliance with stated requirements, a lien is not acquired unless the requirements are substantially complied with.

2. A notice addressed to the owners of a building stating that "this is to notify you that under our contract for electric light and annunciator in your new building amounting to $490.00, and extras as approved 100.00, making in all for wiring to outlets $590.00. $300.00 has been paid and we are looking to you to protect the remainder of the contract price," is not sufficient to create a materialman's and laborer's lien under the statute even though the service of the notice be admitted.

This case was decided by the court En Banc.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*John W. Burton* and *Treadwell & Treadwell,* for Appellants;

*W. E. Leitner,* for Appellee.

WHITFIELD, C. J.—A decree enforcing a mechanic's lien against a purchaser of the property is appealed from. The

bill of complaint alleges in substance that the complainant, appellee here, under a contract with P. R. Read, furnished material and labor in wiring for lighting, &c. a building on described lots owned by Simmons, Langford & Company, "a company composed of Washington W. Langford and Mary P. Simmons;" that fearing P. R. Read would not pay according to contract, the complainant, long before the contract was complete, about May 10, 1907, served "the then owners through their duly authorized agent with a notice in writing, as required by statute, notifying said owners that it would hold them responsible for the said contract price or so much thereof as remained unpaid and said owners did then and at that time owe said P. R. Read a large amount of money, more than enough to pay complainant for said work;" that before the completion of said work on August 30, 1907, the land and building thereon were purchased by "the DeSoto National Bank, with full knowledge that complainant was doing said work under the contract, and that complainant intended to hold a lien on said land and building; that the work on said building was completed long after the said bank purchased it, and complainant "then and there notified the said defendant, the DeSoto National Bank, that it would hold it liable for the said debt or so much thereof as remained unpaid;" that a stated portion of the amount due on the work remains unpaid. The prayer is that a lien on the property be decreed and enforced.

By answer not under oath, the oath being waived, and signed only by counsel, the defendant W. W. Langford disclaimed any interest in the property, denied that he was a member of the firm of Simmons, Langford & Company, and avers that the firm of Simmons, Langford & Company was composed of Mary P. Simmons alone, and

avers that he was never indebted to Read in any sum whatever.

The answer of the defendant, The DeSoto National Bank, signed only by counsel and not under the seal of the corporation bank, avers that the owner of the property did not enter into any contract, so far as it is advised and believes, with the said P. R. Read for the erection of the building upon said real estate, and that the said defendants or neither of them were on May 10, 1907, or at any other time indebted to the said P. R. Read in any amount;" denies that the partnership consisted of W. W. Langford and M. P. Simmons, avers that it was composed of Mary P. Simmons, a married woman, alone; admits the purchase of the property from Mary P. Simmons, trading under the name of Simmons, Langford & Company, but denies that it had full knowledge or any knowledge whatever that the complainant was furnishing and installing said wires and materials in said building under any contract with the owner, or with the builder of said building, and denies knowledge of any indebtedness of the contractor to complainant; denies any notice was given to it by complainant of the furnishing or intention to furnish the contractor with material, or to hold the defendant or the owner of the property or a lien on the property for the material &c.; avers that at no time after May 1, 1907, was the owner of the property indebted to the contractor in any sum whatever.

Replication was filed and testimony taken. The court decreed a lien and its enforcement for a balance found to be due.

The appellants contend that no lien attaches to the property as it belonged to a married woman and that the DeSoto National Bank is a purchaser of the property

from the married woman without notice and no lien exists as against it on the property.

The statute provides for liens for labor and for material furnished and also that "If the labor or materials mentioned herein shall be done or furnished by the procurement of the owner of the property, or his agent, or of a person contracting with him to have the work done or material furnished, the lien shall be upon interest of such owner; but if the labor be done or the materials furnished by the procurement of a person having less than the absolute interest, or of his agent, or of any person contracting with him to have the work done or materials furnished, the lien shall be only upon the limited interest of such person." It also provides that "A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owner's real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice; but if a person who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials, or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the material furnished." Secs. 2195, 2211, General Stats.

The bill of complaint does not allege that the person to whom the materials and labor were furnished was the

agent of the owners or had contracted with the owners to have the same furnished so as to warrant a lien under the statute, but the bill was not demurred to on that ground, and it appears from the records that P. R. Read had contracted with the owners to furnish the material and labor.

It is conceded that there was no privity between the compainant and the defendants, therefore if the lien was acquired it was by virtue of the proper service of the notice required by the statute.

In a former appeal in this cause, 57 Fla., 391, 48 South. Rep., 745, it was held that although the separate property of a married woman is not subject to a mechanic's lien, Macfarlane v. Southern Lumber & Supply Co., 47 Fla., 271, 36 South. Rep., 1029, yet the interest of her partner in business could be subjected as the statute directs.

The answers of the defendants were not signed as required by proper equity practice. City of Ocala v. Anderson, 58 Fla., 415, 50 South. Rep., 572; King v. Bell, 54 Fla., 568, 45 South. Rep., 488. But no objection was made by the complainant to the omission of the signature and seal to the answers.

A replication was filed in this case and it put in issue the allegation of the bill of complaint, denied by the answer not under oath, that the partnership owning the property upon which the lien is claimed was composed of W. W. Langford, one of the defendants below, and Mary P. Simmons, a married woman. The burden of proving this allegation was upon the complainant. The answers not being sworn to, the oath being waived, were not evidence, but only made an issue. Griffith v. Henderson, 55 Fla., 625, 45 South. Rep., 1003.

A witness for the complainant in response to a question as to who composed the firm of Simmons, Langford & Company, testified that Langford stated to him "that

he owned a controlling interest in the building, or very near all of it, that it was his money that was building the building." It was not denied, but was conceded that the property was owned by the firm of Simmons, Langford & Company. An admission by a person that he is a member of a partnership is relevant testimony against him, its probative force to be determined as in other cases. See 30 Cyc. 408.

The defendants introduced no testimony. There was in the above admission of Langford at least some evidence that he was a member of the firm that owned the property, and such evidence was not contradicted.

The appellee was furnished the material, &c., was not in privity with the owners of the property, and to show its lien the complainant put in evidence over objection, among other grounds, that it was not a compliance with the statute, the following notice:

"Arcadia, Florida, May 10th, 1907.
Simmons, Langford & Co.,
             City.
Dear Sirs:
    This is to notify you that under our contract for electric light and annunciator in your new building amounting to $490, and extras as approved $100, making in all for wiring to outlets $590. $300 has been paid and we are looking to you to protect the remainder of the contract price.
                     Respectfully,
                 Arcadia Electric Light Ice Co.
                             Mg."

From the notice above quoted it is clear that the statute has not been complied with. The tenor of the notice indicates a contract with the owners when it is alleged that

the contract was with a third person. The statute requires the service of "a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished is indebted to" the complainant. This notice is not of that character.

Where a statutory lien is allowed upon compliance with stated requirements there should be a substantial performance of all the requisites and a failure in this results in no lien. The notice was not a substantial compliance with the statute. As there was no lien as against the former owners, there is none against the purchaser.

The decree is reversed.

All concur, except COCKRELL, J., dissenting.