W. W. LANGFORD, DOING BUSINESS AS SIMMONS, LANGFORD AND COMPANY, *Appellant*, v. SOUTH FLORIDA LUMBER AND SUPPLY COMPANY, A CORPORATION, *Appellee*.

1. Where a statutory lien may be obtained by compliance with stated requirements there must be a substantial performance of all the requisites before the lien is acquired.

2. A notice served by a material man upon the owner of property that he has a contract with the person who is erecting a

building on the owner's land for a stated number of dollars' worth of material to be used in the building, that the contractor has been called on for a settlement, and that the money is long past due and the material man will look to the owner for the account, is not a statement that the contractor is indebted to the material man for materials in a sum stated in the notice as required by the statute, so as to give the material man a lien on the owner's property, there being no privity between the material man and the owner of the property on which the lien is claimed.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*John W. Burton,* for Appellant;

*H. K. Olliphant,* for Appellee.

WHITFIELD, C. J.—This proceeding in equity is to enforce a lien for material furnished to Reed, the contractor, by the Supply Company who was not in privity with Langford the owner of the property in which the material was used. A demurrer by Langford to the bill of complaint on grounds that no equity is stated against the owner of the property who was not in privity with the complainant, was overruled, and from a decree adjudging a lien the owner of the property appealed. The order overruling the demurrer to the bill of complaint is assigned and argued as error.

The statute provides for liens for materialmen and enacts that "A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owner's real or personal property as against

486 SUPREME COURT OF FLORIDA.

Langford v. South Fla. Lumber & Supply Co.—Opinion of Court.

him, ............... by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice." Sec. 2211 Gen. Stats. of 1906.

The notice given by the material man to the owner of the property is as follows:

"Mess. Simon, Langford & Co.,

Arcadia, Fla.

Gentlemen:—

· Mr. P. R. Reed, who has the contract for your building, contracted with us for something over twenty-five hundred dollars' worth of material to be used on your building. We called on him about two weeks ago for a settlement and have since written to him. He states, however, that you are holding back money until job is completed. Owing to the fact that this money is now long past due, we are compelled to put you on notice that we will look to you for this account, as owners of the building. We should be very glad to have an answer to this letter by return mail.

Yours very truly,

South Florida Lumber & Supply Co.,

A. D. Hagadorn,

Sec. & Gen. Mgr."

Where a statutory lien may be obtained by compliance with stated requirements there must be a substantial performance of all the requisites before the lien is acquired. The statute provides that the lien is acquired by delivery to the owner or his agent a written notice that the contractor or other person to whom the material was furnished for the owner's property, is *indebted to the person*

*furnishing the materials in the sum stated in the notice.* DeSoto Nat. Bank v. Arcadia Electric Light, Ice & Telephone Co., 59 Fla. 479, 52 South. Rep. 612.

The notice given in this case to Langford, the owner of the property, does not state a sum for which the contractor Reed is indebted to the Supply Company for materials. The statement in the letter that Reed *has a contract* with the Supply Company for $2500.00 worth of material *to be used* in Langford's building; that Reed had been called on "for a settlement;" and "that this money is now long past due and we are compelled to put you on notice that we will look to you for this account," is not a statement that Reed is indebted to the Supply Company for materials in the sum stated in the notice as required by the statute.

This notice is insufficient to create a lien under the statute and the complainant has no equity if it cannot be predicated upon a duly acquired statutory lien.

This decree is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER,, J. J. concur.