HELEN OREAR et al., Respondents, v. DIERKS
LUMBER COMPANY, Appellant.

**Kansas City Court of Appeals, May 3, 1915.**

1. **MECHANICS LIENS: Encumbrance: Improvement: Removal.**
Though a lot is encumbered by a mortgage or by a lease for
ninety-nine years, yet if a separate or independent building be
erected thereon a mechanic's lien may be enforced against such
building and it may be removed from the premises in a rea-
sonable time. But there is no right to remove if the improvement
is so connected with original structure as that a removal would
destroy it.

2. ———: ———: ———: **Injunction.** A lot in a city had on
it a three-story brick building eighty feet long, when the owner
leased it for ninety-nine years. The lessee then tore out the
west end and extended the building forty feet further west
making the entire building into one structure one hundred and
twenty feet long. Materialmen furnishing material, obtained a
judgment for a mechanic's lien against the improvement and
the sheriff sold it. The purchaser then began to remove it by
tearing it down, thereby practically destroying the original
structure. It was *held* that he could be enjoined from remov-
ing it.

Appeal from Jackson Circuit Court.—*Hon. Harris
Robinson*, Judge.

AFFIRMED.

*Pew & Proctor* for appellant.

*McCune, Harding, Brown & Murphy* for respond-
ents.

ELLISON, P. J.—This is an action in equity to re-
strain defendant from removing the west forty feet of
a three story brick business building one hundred and
twenty feet in length situated on the south half of lot
one hundred and seventy-five in block thirteen in Mc-

Gee's addition to Kansas City. The judgment in the trial court was for plaintiff.

It appears that plaintiffs are the owners of the fee of said lot and that they executed a lease for ninty-nine years to the Comet Realty Company. At the time of the execution of the lease there was a three-story brick building eighty feet long standing on the lot. The lessee made a large improvement on the lot by tearing out the west end of the brick building its full height, and extending it forty feet west, making its entire length 120 feet. In addition to this extension, the building, as thus extended, was largely remodelled and the stairway, heating plant and elevator were moved back to the new part.

In making this extension and these improvements the lessee employed builders, contractors and material-men and defendant furnished material to the amount of $835 for which it secured a mechanic's lien. It endeavored to fasten this lien against the fee simple title to the whole building and ground upon which it stands; that is to say, upon the interest of plaintiffs as lessors, but this did not succeed. [Lumber Co. v. Morris, 170 Mo. App. 212.] Its lien was however sustained against "the building or improvements erected by said Comet Realty Company (the forty foot extension) and the ninety-nine year lease hold interest." On this judgment defendant caused execution to issue and the property just described was sold by the sheriff to one Pickett, an employee of defendant, who immediately conveyed "the west forty feet of a three-story and basement brick business building" situate on the lot already described. Defendant thus becoming the owner of forty feet of the west end of the building and basement, that is of that part of the building built by the Comet Realty Company as lessees, made preparation for removing from the lot and will do so unless restrained.

The evidence clearly shows that if defendant is permitted to remove the extended part of the building he will practically destroy the entire building. The building, as originally constructed, will be left without a stairway, heating plant or elevator; and without a western enclosure. While the law is that where a building is erected on land not owned by the builder and a judgment is obtained and execution had enforcing a mechanic's lien against the building, it may be removed from the ground within a reasonable time. [Ambose M. Co. v. Gapen, 22 Mo. App. 397; Deatherage v. Sheidley, 50 Mo. App. 490.] But this, as intimated in those cases, cannot be done when it would destroy an entire structure of which it has been made a part. O'Brien v. Pettis, 42 Iowa, 293, wherein it is said, ''The defendants' right depends upon the fact as to whether the building upon which these materials were furnished and work done is so far an independent structure as to be capable of being removed without materially injuring or destroying that which would remain, or whether it is so united with that which was before upon the lot, as to constitute substantially the one building or structure.'' And ''that the building, as it now stands, is essentially one, and that it would be wholly impracticable to remove the new structure without practically destroying the whole.''

It has been decided by the St. Louis Court of Appeals, in an opinion by Judge BLAND, that a mechanic's lien cannot be enforced against a part of an entire building. [Leidel v. Bloeser, 77 Mo. App. 172, 180.] And that was the decision in Wright v. Cowie, 5 Wash. 341.

It is well-settled construction of the mechanic's lien statute in this State that a subsequent lien cannot get precedence of a prior mortgage. That while on an independent structure erected after the mortgage was given, might be subjected to a mechanic's lien and re-

moved in a reasonable time, no such right of removal can exist against buildings on the premises when the mortgagee acquired his lien.    Thus in Schulenburg v. Hayden, 146 Mo. 583, it was held that where a building is partly destroyed by fire and is restored by repair, the lien of the mechanic does not intrude itself on the mortgagee and that no right of removal can be acquired.    And that was our decision in Dugan v. Scott, 37 Mo. App. 663, 670.    We think this is so analogous to the point in this case as to largely determine it.    [See also Elliott v. Baker, 134 Mo. App. 99; Reed v. Lamberton, 53 Mo. App. 76.]

We think the conclusion of the trial court was right and affirm the judgment.    All concur.