MISSOURI, KANSAS AND EASTERN RAILWAY COMPANY, *Appellant*, v. HOLSCHLAG *et al.*

Division One, May 24, 1898.

1. **Judgments**: PRESUMPTIONS. The judgment appearing upon the record is presumptively the judgment of the court and not the error of the clerk.

2. ———: NUNC PRO TUNC ENTRIES. Entries *nunc pro tunc* can only be made upon evidence furnished by the papers and files in the cause, or something of record or in the minute book or in the judge's docket, as a basis to amend by.

3. ———: ———: JUDGE'S WRITTEN OPINION: EVIDENCE. A written opinion by the trial judge is not a paper in the cause provided for by law, and an entry thereon by the clerk of the date it was filed with him can not be considered as evidence of the date the judgment was rendered.

4. ———: ———: ———. The law makes no provision for an opinion in writing by the judge of the trial court.

5. ———: ———: CASE STATED. The entry on the judge's docket in his handwriting was: "Trial by court—bill dismissed;" and in the clerk's handwriting, "Dec. 2d." The clerk's record showed that judgment was rendered for defendant and plaintiff's bill dismissed on the nineteenth of December. The judge without request of either side, wrote an opinion stating his conclusions in the case, which ended with the words. "This bill is dismissed," and this opinion was marked by the clerk "filed Dec. 21st, 1893." The bill of exceptions, filed in April, 1895, states that "an order of the court dismissing the bill was on the 19th of December, 1893, duly entered." In May, 1897, plaintiff filed an application for a *nunc pro tunc* order showing that the judgment was rendered December 21, 1893. *Held*, under this evidence that the application was properly denied.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*George P. B. Jackson* and *G. Pitman Smith* for appellant.

(1) The court erred in refusing to enter the judgment *nunc pro tunc*. The record in all its parts, together

with all the official memoranda in the case, shows a clear mistake on the part of the clerk, and furnishes convincing proof that the judgment should have been entered on December 21 instead of December 19. The motion for new trial was in time if we exclude Sunday and Christmas day. It has been decided that Sundays must be excluded, and the same reason will exclude Christmas, which is the Sunday of Sundays. *Gamble v. Daugherty*, 71 Mo. 599; *Belkin v. Rhodes*, 76 Mo. 643; *Hansbrough v. Fudge*, 80 Mo. 307; *Heath v. Goslin*, 80 Mo. 318.

*Emil Rosenberger* and *J. D. Barnett* for respondents.

(1) A motion *nunc pro tunc* to change a formal record can only be sustained when the error in the record sought to be corrected is susceptible of proof from the record itself or from such contemporaneous memoranda as are made in the progress of the case. (2) In this case the record discloses a judgment entered on December 19. The only other contemporaneous entry in regard thereto which could be properly construed, is the entry on the judge's minute book. Upon that minute book appears an entry showing that the case was in fact dismisssed on December 2. That entry the clerk testifies was a contemporaneous entry. (3) The opinion of the court which is afterward filed on December 21 throws no light upon the matter. That opinion is not part of the record of the case. The law makes no provision therefor. It appears to be on file only through the filing mark. It does not appear on the record of the court. (4) In the bill of exceptions prepared by appellant's counsel and made part of the record is the affirmative recital: "And thereupon an order of the court dismissing the bill was on the 19th day of December duly entered." And

immediately thereunder the further affirmative recital: "And now on the 27th day of December, A. D. 1895, and within four court days of the judgment and order of the court, the plaintiff filed its motion to vacate and set aside its order dismissing plaintiff's bill and to grant plaintiff a new trial and a hearing therein."

WILLIAMS, J.—The circuit court overruled appellant's application for a *nunc pro tunc* entry of the judgment in this case. The record shows that said judgment was rendered on the nineteenth of December, 1893, but appellant claims that it was in fact rendered on the twenty-first of said month. This ruling presents the first question for decision.

Plaintiff below, the appellant here, claimed to have acquired a right of way for its railroad across defendants' farms, and alleged that they, with weapons and violent means, were forcibly resisting the construction of said railroad over said lands, and asked an injunction to prevent interference with the work. A temporary restraining order was issued on the eleventh of October, 1892. Defendants appeared to the suit and filed answers. The case was heard on the seventeenth of November, 1893, and taken under advisement. There was no record entry of this, however. The records of the court show that judgment was rendered for defendants and plaintiff's bill dismissed on the nineteenth of December, 1893. Plaintiff, at the May term, 1897, filed a motion for a *nunc pro tunc* entry as above stated. The date of the judgment becomes material, because if it was rendered on the nineteenth the motion for a new trial was clearly filed out of time.

It was shown upon the hearing of the application for the *nunc pro tunc* entry, that the clerk did not write

the judgment until a month or more after 'it was rendered; that he began to enter it in a blank space in the record of the proceedings of the court of December 2, and afterward put it upon the nineteenth. It further appeared that it was written in different ink, and apparently at a different time from the opening order on the nineteenth. There was nothing in the clerk's minutes to show when the judgment was rendered. The entry upon the judge's docket in the handwriting of the judge was as follows: "Trial by court—Bill dismd," and then in pencil written by the clerk, "Dec. 2nd." The judge wrote an opinion stating his conclusions in the case, which ended with these words: "This bill is dismissed." This paper is marked by the clerk "filed Dec. 21st, 1893." The testimony for respondent was that this opinion was not filed at the time the judgment was rendered; that the judge announced the decision, and stated that he had written his views of the matters involved, but had omitted to bring the paper to the court room with him. The bill of exceptions, filed April 30, 1895, recites that the trial was had on the seventeenth of November, 1893, and "thereupon an order of the court dismissing the bill was on the nineteenth of December, 1893, duly entered." Other evidence was introduced by the parties concerning the manner in which the records were written, and of circumstances tending to support their respective contentions as to when the judgment should bear date.

It is not disputed, nor can it be, that the settled law of this State is that entries *nunc pro tunc* can only be made upon evidence furnished by the "papers and files in the cause or something of record, or in the minute book or judge's docket" "as a basis to amend by." *Gamble v. Daugherty*, 71 Mo. 599. "The judgment appearing upon the record is presumptively

the judgment of the court and not an error of the clerk." *Belkin v. Rhodes*, 76 Mo. 643. The presumption, then, is that the record correctly states the date of the judgment. The entry thereof in the proceedings of the court is supported by the recital in the bill of exceptions as to the time of its rendition.

The only memorandum of any kind upon any record or paper in the case, relied upon as indicating anything to the contrary, is the notation of the clerk upon the written opinion of the trial judge, showing that *it* was *filed* with said *clerk* December 21, 1893. The judge was not required to prepare or file any such paper. It was not prepared at request of the parties under Revised Statutes 1889, section 2135. The law makes no provision for an opinion in writing by the judge of the trial court. *Hewitt v. Steele*, 118 Mo. 463. It was entirely optional with him whether he would write out his conclusions, and, after he had reduced them to writing, whether he would file the paper, and *when*. If he elected to write an opinion, it was not necessary that it should be delivered to the clerk at the time of the rendition of the judgment, but could be handed to him at the pleasure of the judge. In other words it was not a paper in the case provided for by law, but a mere statement of the reasons for his decision, written by the judge for the convenience and satisfaction of the parties, and its delivery to the clerk was not necessarily contemporaneous with the judgment. The testimony introduced by the respondents shows that it was not in fact filed at the time the decision of the court was announced. We do not think the circuit court committed error in deciding that the memorandum upon this paper was insufficient to overthrow the judgment entry.

2. The motion for a new trial was not filed until December 27. The motion therefore was out of time

and we can not consider anything except errors upon the face of the record proper. It is not claimed that there are any such errors. It results that both the order of the trial court refusing to make the *nunc pro tunc* entry (from which an appeal was taken), and also the judgment of December 19, 1893, dismissing plaintiff's bill must be affirmed. It is so ordered. All concur.