## DYSART et al., Appellants, v. CROW et al.

### Division One, November 26, 1902.

1. **Appeals:** DEMURRER TO PETITION: BILL OF EXCEPTIONS UNNECESSARY. The petition, the demurrer thereto, and the judgment on the demurrer, are parts of the record proper, and are reviewable on appeal without a motion for a new trial and without a bill of exceptions. Therefore, in an appeal from the action of the court sustaining a demurrer to the petition, based on the alleged ground of a lack of equity jurisdiction and a misjoinder of parties, a motion for a new trial and a bill of exceptions are unnecessary.

2. **Promissory Note:** JOINT LIABILITY: CONTRIBUTION: JURISDICTION OF EQUITY. A court of equity has jurisdiction, at the suit of those parties to a joint liability who have discharged to the obligee the whole burden of a promissory note, to bring in those who have not contributed their share, if within the reach of its process, and to require them to make contribution, and to make an equitable adjustment of the burden, and to settle the whole controversy in one suit. Those who have discharged the joint obligations are not

remitted to separate actions at law to compel contribution from the others, but to avoid a multiplicity of suits equity will intervene.

3. **Contribution:** STATUTORY REMEDY NOT EXCLUSIVE. The remedy given by statute through courts of law to those who have paid more than their share of a joint obligation to compel others to contribute their proportionate share, is not exclusive. Nor does the fact that the statutes make an action at law a remedy preclude them from proceeding in equity to compel contribution—a right they would have had the statute not been enacted.

4. ————: BASIS OF ACTION. The doctrine of contribution is not founded on contract, but comes from the application of principles of equity for the relief of those obligors who have done more than their share in performing the common obligation; for, each of them had agreed to satisfy the entire contract, and as that has been done, a new condition arises between them and the other joint obligors which appeals to equity for adjustment. But this new condition arises not out of the terms of the contract, but is equitable in its origin.

5. ————: WHEN EQUITY WILL INTERVENE. Equity will intervene in a suit to compel contribution if a number of actions at law would be necessary to make a complete adjustment of the rights of the joint obligors. But aside from the fact that the relief afforded by numerous actions at law would be inadequate, an equity court inherently has cognizance of a cause to compel the joint makers of a promissory note to contribute their respective shares to those makers who have discharged it.

6. ————: NECESSARY PARTIES. In an equitable suit for contribution and the adjustment of the rights of all parties to the joint obligation, all the parties thereto should be joined either as plaintiffs or defendants, whether or not the plaintiffs may think that some of them have already contributed their equitable share.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*T. F. Hurd* and *Bodine & Reynolds* for appellants.

(1) The action for contribution was originally of exclusive equitable jurisdiction. When equity possessed jurisdiction anterior to a remedy at law, it is not ousted of such jurisdiction unless the statute giving the

legal remedy expressly precludes the interposition of equity. Bispham's Equity, p. 387, secs. 328, 329; Clark v. Admr. of Henry, 9 Mo. 201; Purdy v. Gault, 19 Mo. App. 191; McDaniel v. Lee, 37 Mo. 129; Saving Inst. v. Collonius, 63 Mo. 290; Primm v. Radoteau, 56 Mo. 407; Harrington v. Utterback, 57 Mo. 519; Pratt v. Clark, 57 Mo. 189; Bank v. Bank, 107 Mo. 133; Harper v. Rosenberger, 56 Mo. App. 388; Penn v. Penn, 39 Mo. App. 282; Timberlake v. Hughes, 65 Mo. App. 640; Ins. Co. v. Broyles, 78 Mo. App. 364. (2) The enactment of the statute giving a right of action at law for contribution has not divested the equity courts of their jurisdiction. Harper v. Rosenberger, supra; Timberlake v. Hughes, supra; Ins. Co. v. Broyles, supra; Mateer v. Cockrell, 45 S. W. 751. (3) If the suit is cognizable in equity, then there is no misjoinder of either parties or causes of action. Mateer v. Cockrell, supra. (4) The prevention of a multiplicity of suits alone would be good grounds for the interposition of equity in this case. Stiegerwalt v. Rife, 9 Pa. Sup. Ct. 363; Walters v. Heningham, 46 Pac. 276.

*Geo. W. Humphrey, J. M. Crutcher, T. P. Bashaw* and *R. B. Bristow* for respondents.

(1) A court of equity is not the forum in which to bring a suit for contribution, pure and simple. It is true as a proposition that courts of equity formerly had jurisdiction in such cases, but courts of law long ago assumed jurisdiction and gave relief in assumpsit on an implied contract, and our Legislature has greatly enlarged that jurisdiction. R. S. 1899, secs. 4504 to 4509; McDaniel v. Lee, 37 Mo. 204. It is a fundamental principle of equity jurisdiction, that if the plaintiff has a full, adequate, ample and complete remedy at law, courts of equity will not take jurisdiction. It is true that whenever there is some element of equity in a given case, such as the subjection of securities or adjusting the relative rights of sureties, where some are solvent and some insolvent, matters which courts of

law can not adjust, courts of equity will take jurisdiction in actions for contribution but there must be some element of equity which courts of law can not adjust, which does not exist in the case at bar.   By the statements in the petition, every element has been adjusted except the mere fact of paying over the money, and their remedy for that purpose is full, ample, adequate and complete in a court of law.   Miller v. Woodward, 8 Mo. 175; Harper v. Romble, 65 Mo. App. 520; Hanna v. Hyatt, 67 Mo. App. 308; Van Petten v. Richardson, 68 Mo. 379; Wilkerson v. Sampson, 56 Mo. App. 276; Jeffries v. Ferguson, 87 Mo. 245.   In all the cases cited by the learned counsel for plaintiffs, not a single case is cited wherein courts of equity have taken jurisdiction when the only question involved was reimbursement, but in every case some question was involved which equity alone could adjust.   (2) There is a misjoinder of plaintiffs.   "Joint sureties paying money for their principal should yet sue severally."   Gould v. Gould, 8 Conn. 168; Lindel v. Brant, 17 Mo. 150; Finney v. Brant, 19 Mo. 42.   The contention of the plaintiffs that the jurisdiction of a court of equity can be invoked in the case at bar, to prevent a multiplicity of suits, is very far-fetched and not supported by reason or authorities.   The general doctrine that a court of equity will interfere to prevent a multiplicity of suits, is where one plaintiff is repeatedly suing the defendant on oft recurring causes of action, and in order to prevent the continuing annoyance of these suits, courts of equity will interfere when invoked by a bill of peace.   Beach's Equity, secs. 2 and 22; Bispham's Equity, sec. 315; Tate v. Railroad, 10 Ind. 174; Paly v. Bowzer, 7 Bush (Ky.) 513.

VALLIANT, J.—This is a suit in equity for contribution.

The plaintiffs, jointly with defendants Crow, Curtright, Lowenstein, Vaughn, and Crutcher, and one Charles W. Reed, now deceased, made their negotiable promissory note for $6,000 payable to Frank L. Pitts,

who afterwards indorsed and delivered it to one Rey-
nolds. After the maturity of the note the plaintiffs
jointly paid $4,000 on it, and subsequently, with defend-
ant Crow, who contributed thereto $600, they paid the
balance. The total amount thus paid for principal and
interest was $8,657.39. Since the payment the defend-
ants Vaughn and Crutcher have paid to plaintiffs their
contributive shares, respectively. After the death of
Charles M. Reed, the defendants T. W. P. Reed and
Mary S. Reed qualified as executors of his will and are
in charge of his estate as such. Except the payment of
$600 by Crow, and the contributions of Vaughn and
Crutcher as stated, nothing has been paid or contrib-
uted by the other defendants or by Reed in his life-
time. The plaintiffs filed their bill in equity stating
in proper detail the above-mentioned facts and praying
for an accounting and contribution from those defend-
ants who have not contributed and for general equitable
relief.

The amended petition, upon which the judgment
was rendered, is set out in full in the abstract of the
record, but it is unnecessary to copy it in this statement.
It is sufficient to say of it that it is in proper form and
substance to entitle the plaintiffs to the relief prayed
unless it is defective in the particular features pres-
ently mentioned, specified in the demurrer.

The defendants demurred to the amended petition,
specifying twelve grounds, but the twelve assignments
are reducible to two, viz.: That a court of equity has
not jurisdiction of the case; that there is a misjoinder of
parties. The court sustained the demurrer and the
plaintiffs not pleading further, final judgment for de-
fendants was rendered.

It appears from the record that the plaintiffs ex-
cepted to the ruling of the court sustaining the demurrer
and that they filed a motion for a new trial based on
the alleged error of the court in that respect, which mo-
tion was overruled, exception taken, and a bill of ex-
ceptions signed and filed and made a part of the rec-
ord. The cause comes here on the plaintiffs' appeal,

who. assign for error the sustaining of the demurrer to their amended petition.

I.    The amended petition, the demurrer, and the judgment of the court on the demurrer are matters that are covered by the record proper and are reviewable on appeal without a motion for a new trial and without exceptions.  A bill of exceptions is designed to preserve for the information of the appellate court, matters *in pais* which are not otherwise matters of record.  The exceptions, the motion for a new trial and the bill of exceptions were therefore all unnecessary.

II.    The real point in dispute in this case is that a court of equity has jurisdiction, at the suit of some of the parties to a joint liability who have discharged the whole burden, to bring in the others, and require them to make contribution and an equitable adjustment of the burden and settle the whole controversy in one suit.  The plaintiffs' bill is bottomed on the theory that a court of equity has that jurisdiction; the defendants by their demurrer say that the plaintiffs' only remedy is at law.

A court of equity by its peculiar organization, and its course of procedure can in one suit, if the parties are within the reach of its process, bring in all concerned and so adjust the common burden as that it will be borne equally.

And there is no other tribunal that can so readily and effectually accomplish that purpose.

The learned counsel for the respondents in their brief concede that courts of equity formerly entertained jurisdiction in cases like this, but they say that since courts of law have assumed jurisdiction in such cases, and especially since that jurisdiction has been enlarged by our statutes (referring to sections 4504 to 4509, Revised Statutes 1899, inclusive), courts of equity have lost their former jurisdiction over the subject of contribution and will entertain such a suit only when, in addition to the contribution sought, there is some other element of equity to be adjusted.

Judge STORY on this subject has said: "In mod-

ern times courts of law frequently interfere and grant a remedy under circumstances in which it would certainly have been denied in earlier periods. And sometimes the Legislature by express enactments has conferred on courts of law the same remedial faculty which belongs to courts of equity. Now (as we have seen) in neither case, if the courts of equity originally obtained and exercised jurisdiction, is that jurisdiction overturned or impaired by this change of authority at law in regard to legislative enactments; for unless there are prohibitory or restrictive words used, the uniform interpretation is that they confer concurrent and not exclusive remedial authority. And it would be still more difficult to maintain that a court of law by its own act could oust or repeal a jurisdiction already rightfully attached in equity." [1 Story Eq. Juris. (13 Ed.), p. 89.] That has always been the doctrine of this court. [Clark v. Henry's Admr., 9 Mo. * 340; Stewart v. Caldwell, 54 Mo. 536; Primm v. Raboteau, 56 Mo. 407; Harrington v. Utterback, 57 Mo. 519; Saving Inst. v. Collonious, 63 Mo. 290; Washington Bank v. Drovers' Bank, 107 Mo. 133.]

Upon the oral argument it was contended in behalf of respondents that the doctrine above quoted applied only to cases which came within the jurisdiction of courts of equity because of some equitable principle involved in determining the rights of the parties, as distinguished from cases that courts of equity entertained solely on the ground of the absence of a remedy at law. And it was contended that in cases of the latter class, whenever a legal remedy was supplied, the jurisdiction in equity ceased. We do not find that qualification of the doctrine in any of the authorities to which our attention has been called. But if the doctrine were so qualified this case falls within the former and not the latter class of cases.

The same author above quoted says: "But there are many difficulties in proceeding in cases where an apportionment or contribution is allowed at the common law; for where the parties are numerous, as each

is liable to contribute only for his own portion, separate actions and verdicts may become necessary against each. And thus a multiplicity of suits may take place, and no judgment in one suit will be conclusive in regard to the amount of contribution in a suit against another person. The like difficulty may arise in cases where an apportionment is to be made under a contract for the payment of money or rent where the parties are numerous and the circumstances complicated. Whereas in equity all parties can at once be brought before the court in a single suit, and the decree apportioning the rent will thus be conclusive upon all the parties in interest." [1 Story's Eq. Juris. (13 Ed.), p. 486.]

Again the law-writer says: "But still the jurisdiction now assumed in courts of law upon this subject [contribution] in no manner affects that originally and intrinsically belonging to equity." [Id, p. 509.] And in a note at the same page there is a reference to Stirling v. Forrester, 3 Bligh 590, from which is quoted: "The principle established in the case of Dering v. Lord Winchelsea (1 Cox Ch. 318) is universal, that the right and duty of contribution is founded in doctrines of equity."

The doctrine of contribution is not founded on contract, but it comes from the application of the principles of equity to the condition in which the parties to the contract are found in consequence of some of them, as between themselves, having done more than their share in performing the common obligation. So far as the contract is concerned as between obligor and obligee, those who performed it did no more than they had agreed to do, but after they had discharged the debt and the contract was satisfied, a new condition arose between the joint obligors which appealed for adjustment, not to the terms of the contract itself, but to a principle of equity.

That principle was first recognized and enforced in courts of equity and it was only after it had been long and firmly established in those courts that courts of law undertook to enforce it. But even now where there

are many parties the remedy at law is very inadequate. In the case at bar, if these plaintiffs were driven to their actions at law, each would bring a separate suit against each reluctant defendant for his share; that would result in sixteen suits to accomplish the purpose that is aimed at and can be better accomplished in this one suit. That consideration alone would justify a court of equity in taking jurisdiction of the case.

We hold that the suit was properly brought in a court of equity, both on the ground that contribution of the kind sought is a subject of equitable cognizance and also on the ground that in this instance it avoids a multitude of suits.

The objection that there is a misjoinder of parties is founded on the main point in the demurrer that a court of equity had no jurisdiction. Of course, if the plaintiffs were driven to their several actions at law there could be no such joinder of parties, either plaintiffs or defendants, as we have here, but when the whole matter is to be settled in one suit in equity all the parties are necessarily joined. Whilst the plaintiffs in their amended petition say that the defendants Vaughn and Crutcher have paid their contributive share, yet the other defendants may have something to say on that point, and therefore it is not a misjoinder to make those two defendants. If they have paid, of course no judgment can go against them, even for costs.

The court erred in sustaining the demurrer to the amended petition. The judgment is therefore reversed and the cause remanded to the circuit court to be proceeded with according to the law as herein expressed.

All concur.