## LOUIS H. HESPOS, Appellant, v. ADOLPH E. WINKELMEYER et al., Respondents.

**St. Louis Court of Appeals, July 19, 1912.**

1. **CONTRIBUTION: Prima Facie Case: Defenses: Burden of Proof.** In an action for contribution on a judgment rendered against plaintiff and defendant on a promissory note executed by both of them, plaintiff would make a prima facie case by proving that a judgment was rendered on the note against him and defendant, and that he had paid it in full; and the burden would then rest upon defendant to establish a defense that the note was given for money borrowed by plaintiff alone.

2. **PLEADING:** Proof: Variance. In an action in equity for contribution, on the ground of joint liability of plaintiff and defendant on a judgment rendered against them on a promissory note, which judgment had been discharged by plaintiff, a recovery could not be had on proof that plaintiff signed the note merely as surety for defendant and that the latter was, therefore, liable for the full amount of the judgment, since one cannot sue on one cause of action and recover on another, and the cause of action counted on was in equity, while the proof disclosed a cause of action at law.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Julius T. Muench* for appellant.

(1) A court of equity has jurisdiction, at the suit of those parties to a joint liability who have discharged to the obligee the whole liability, to bring in those who have not contributed their share and to require them to make contribution; and to make an amicable adjustment of the burden among the parties and settle the whole controversy in one suit. Dysart v. Crow, 170 Mo. 275. (2) The judgment rendered in the Knabner suit, with the further evidence that appellant had alone discharged the same, was sufficient to make out a prima facie case against the respondents. Dent v. King, 1 Ga. 200; Wolters v. Henningson, 114 Cal. 433; Dupuy v. Johnson, 1 Bibb (Ky.) 562.

*F. A. & L. A. Wind* and *W. H. Allen* for respondents.

(1) A party cannot sue on one cause of action and recover on another. Clemens v. Yeates, 69 Mo. 623; Reed v. Bott, 100 Mo. 62; Henry County v. Bank, 208 Mo. 209; Mason v. Railroad, 75 Mo. App. 1; Real Estate Co. v. Hotel Co., 202 Mo. 605. (2) While a plaintiff may have other and different relief from that prayed for, the decree which is awarded him must be warranted both by the facts stated in the petition

and by the proof. Newham v. Kenton, 79 Mo. 382; Baldwin v. Whaley, 78 Mo. 186; Ross v. Ross, 81 Mo. 84. (3) Where a plaintiff specifically alleges in his petition a given state of facts, as constituting his cause of action, he can recover only upon the theory adopted in his pleading. Wernick v. Railroad, 131 Mo. App. 37; Haynor v. Excelsior Springs, 129 Mo. App. 698. (4) Whether there is a change of cause of action is determined by two tests. 1st. Whether the same evidence will support both. 2d. Whether the amount of recovery is the same. Burnham v. Tillery, 85 Mo. App. 453; Liese v. Meyer, 143 Mo. 547; Griegsby v. Martin, 169 Mo. 221; Scovill v. Glasner, 79 Mo. 449; Santer v. Leveridge, 103 Mo. 621; Holt v. Cannon, 114 Mo. 519.

REYNOLDS, P. J.—This is a suit by appellant, plaintiff, against respondents for contribution, on the ground of the joint liability of plaintiff and defendants upon a promissory note for $1000, judgment upon which note had been rendered in the circuit court upon a stipulation signed by the holder of the note, the plaintiff in that suit on the one side, and by appellant and respondents herein on the other side. Execution issuing on the judgment, levy was made alone upon the property of the plaintiff to pay the whole of it, which he, or someone in his behalf did, and these defendants failing to pay this plaintiff their proportionate shares, two-thirds, as he claimed, he brought this suit, as one in equity, for contribution. The petition, setting out the execution of the note by the three parties, the rendition of the judgment against them and the payment of it by plaintiff here under the execution levied against his property, prays that an adjustment of the joint liability on the judgment between plaintiff and the defendants upon the basis of an equal division between the appellant and both the respondents be had, if both are financially responsible, or between

the appellant and one of the respondents, if only one
of them is financially responsible.

The joint answer of the defendants, after deny-
ing the allegations of the petition, sets up that the
money for which the joint note was given and upon
which the judgment was rendered was really borrowed
for the appellant alone and used by him for his own
purposes.

A general denial by way of reply was filed to this
new matter in the answer.

The cause was tried before the court as in equity.
The only witness whose testimony was heard in the
case was that of plaintiff himself. After making for-
mal proof of the judgment and of the issue of the exe-
cution and satisfaction of it and introducing the note
in evidence signed by plaintiff and the two defendants,
plaintiff, testifying in chief, gave his version of the
circumstances under whch he claimed the note in ques-
tion, had been executed by him and the defendants.
He testified, in effect, that the note was executed in
contemplation of the organization of a corporation by
him and defendants for the manufacture and sale of
washing machines; that a contract to this effect was
entered into between them, the exact terms of which
are not in evidence, but that the corporation was never
organized. He further testified that when the note
was executed, defendants were engaged in selling these
washing machines, which he was manufacturing for
them; that defendants needed funds in this business
and the $1000 represented in the note was borrowed
solely for the benefit of the two defendants, Winkel-
meyer and Meyer, and that he (plaintiff) was merely
an accommodation maker on the note, having nego-
tiated for the money with the lender, who required
him to sign the note with the other two parties as
makers. In testifying plaintiff admitted that he had
himself received and paid out all of this $1000 raised
on this note but he testified that it was done for and

solely on behalf of the business of the defendants, who he testified were the sole partners in the concern doing business under the name of Sugar Plum Washing Machine Company, as partners, under that name being engaged in selling these machines, plaintiff merely manufacturing them for defendants at specified prices.

Letters were introduced and read in evidence written by plaintiff, from which it appeared that he, while nominally the bookkeeper of the partnership composed of the two defendants, in point of fact controlled the action of Meyer, who under the articles of partnership between Meyer and Winkelmeyer was the salesman for the firm, these letters indicating that plaintiff exercised complete authority over Meyer as to his sales, movements, commissions, compensation, etc., but in no manner asserting any interest in the partnership by plaintiff. These facts developing, counsel for defendants suggested to the court that the proof, as made by plaintiff's own testimony, developed and showed an entirely different cause of action than that stated in the petition. They claimed that the cause of action stated in the petition was clearly one for contribution, upon the allegation as to the joint liability of the plaintiff and defendants on the note, and the alleged right of plaintiff to have the defendants contribute proportionately to the payment of the judgment on the note, while plaintiff's own testimony showed that his cause of action, if any, should be for the entire amount of the note, interest, etc., as money borrowed by him and defendants, but entirely for the benefit of defendants and paid out by him for these defendants. As appears by the abstract of the record of the proceedings at the trial, the court adopted this position taken by counsel for defendants. Quoting the language of counsel for plaintiff in his brief filed, "upon the trial the court took the position that the appellant, by his own testimony, indicated that, instead of having been borrowed for their joint

benefit, the money for which the note was given had really been borrowed for the respondents alone, to be used in connection with a partnership existing under the name of 'Sugar Plum Washing Machine Company,' and that, in view of appellant's own testimony, he would be entitled, if he could recover at all, to recover from the respondents jointly the whole of the judgment he had been required to pay. The court then further took the position that this would require a proceeding of a different nature from that instituted by appellant and that he could not recover, in his present action, the whole of the sum expended.'' So counsel for appellant states the case. It is further set out in this statement of counsel that the court declined to allow appellant to proceed upon the theory which counsel advanced, that even if entitled to the whole amount expended, plaintiff would at least be entitled to recover the part sued for, if willing to waive the remainder. The abstract shows that the court held that on the facts in evidence plaintiff could not recover any amount under the averments in his petition, and announced that it seemed useless for plaintiff, in view of this, to proceed further, as the court would be compelled to find the issues in favor of defendants. Whereupon plaintiff, by leave of court, took a nonsuit with leave to move to set the same aside. This motion was afterwards interposed, overruled, exception duly saved and the cause brought here by plaintiff on appeal.

Learned counsel for appellant make two propositions: First, that a court of equity has jurisdiction, at the suit of those parties to a joint liability who have discharged to the obligee the whole liability, to bring in those who have not contributed their share and to require them to make contribution and to make an amicable adjustment of the burden among the parties and settle the whole controversy in one suit. Second, that the judgment rendered in the Knabner suit, that is the suit on the note, with the further evidence that

appellant had alone discharged the same, was sufficient to make out a prima facie case against the respondents.

Taking up this second proposition, it may be conceded to be true. If plaintiff had closed his case there he would have thrown upon defendants the onus of overcoming it. He did not choose to do this, however, but in the language of the abstract prepared and filed with us by his counsel, "anticipating the defenses raised by the answer of the defendants, the witness (plaintiff) testified." Whereupon followed the testimony by plaintiff himself which the learned trial court held disclosed a state of facts utterly inconsistent with those stated as the cause of action and which really disproved those averments.

The authority cited for the first proposition by counsel for appellant is Dysart et al. v. Crow et al., 170 Mo. 275, 70 S. W. 689. It is said in that case (l. c. 280), that the real point in dispute in the case was whether a court of equity has jurisdiction, at the suit of some of the parties to a joint liability, who have discharged the whole burthen, to bring in the others to require them to make contribution and to effect an equitable adjustment of the burthen and settle the whole controversy in one suit. Plaintiff's petition, in the Dysart case, was bottomed on the theory that a court of equity has that jurisdiction, the defendants contending that the plaintiff's only remedy was at law. Judge VALLIANT delivering the opinion of the court, holds that such a cause of action, one seeking contribution, is more effectually dealt with by a court of chancery than by one at law.

The opinion and decision in the Dysart case falls far short of holding that under the guise of a suit for contribution, a plaintiff can recover for a claim which he has against the defendant or defendants for money paid out by him solely on account of defendants, the obligation to repay all of it to plaintiff resting on de-

fendants. That is the case here. According to the plaintiff's own testimony, this is not a case for contribution. His cause of action stated being upon the theory of a right to contribution, one in which contribution is sought, cannot be converted into an action at law, pure and simple, against the defendants for money had and received, or for money paid out by plaintiff for the use and benefit and at the request, express or implied, of the defendants. That would be an action at law pure and simple. This is the view the learned trial court took of the case.

Learned counsel for appellant argues that one has a right to bring his action for less than he is entitled to recover. That is unquestioned, but does not meet this case. The petition proceeds on the theory that the relations between plaintiff and defendants were such that on payment of the joint debt by one, that one has a right of contribution from the others. The petition has no other aspect or theory; it seeks contribution; a right enforcible at law or in equity (Dysart v. Crow, supra), and here plaintiff proceeds in equity. In the case at bar plaintiff's own testimony conclusively proves that there is no right of contribution involved; no equities to be adjusted between the parties. His is a case, as proved by his own testimony, of money paid out by him, not for the use of himself and others, but solely for those others; in short, his cause of action proved is one where the money advanced by him, if recoverable at all, is recoverable solely in an action at law. His case as pleaded, is one in equity, for contribution. It has long since been settled in our state that a party cannot sue on one cause of action and recover on another. That is what plaintiff here seeks to do and the learned trial court very correctly held that he could not do so; could not maintain this suit. In this we think that court was right. The judgment should be and is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.