HARRY D. DURST, ADMINISTRATOR OF ESTATE OF ALICE TOWNES ROGERS, DECEASED, RESPONDENT, v. MARGARET TOWNES, RESPONDENT, MOSS S. SILVERFORB, APPELLANT.—31 S. W. (2d) 583.

Springfield Court of Appeals.  September 25, 1930.

*Chas. N. Sadler* and *R. W. Cummins* for appellant.

*James L. Hornbostel* for respondent, Margaret Townes.

*Durst & Durst* for respondent, Harry D. Durst.

SMITH, J.—We accept and adopt the statement of appellant in this case, which is as follows:

"This is an interpleader action brought by Harry D. Durst as administrator of the estate of Alice Townes Rogers, deceased, against Margaret Townes and Moss H. Silverforb. The petition charges in substance that Harry D. Durst is the duly appointed, qualified and acting administrator of the estate of Alice Townes Rogers, deceased; and as such entitled to one-fourth of her estate; that he had finally administered said estate, paid all indebtedness and after so doing there remained in his hands the sum of five hundred fifty-eight dollars and one ($558.01) cent due said Margaret Townes as such heir; that the probate court had made a final order of distribution;

that before said order of distribution was made he was served with a notice of attorney's lien by Moss H. Silverforb, claiming one-half interest in the distributive share of said Margaret Townes; that he was also served with an assignment of said one-half interest by said Margaret Townes; that said Margaret Townes claimed that said contract of employment and assignment were void; that he did not know to whom the money should be paid; that he had already paid to said Margaret Townes one-half of her distributive share and was holding two hundred seventy-nine ($279) dollars; he then asked to be permitted to pay the same into court and that said Margaret Townes and Moss H. Silverforb be required to interplead.

"Within due time defendant Moss H. Silverforb filed his answer and interplea denying the right of said plaintiff to interplead, denying that said plaintiff did not know to whom the money belonged, denying that the plaintiff was a disinterested stakeholder, and praying the court to refuse to permit him to pay the money into court or to require said defendant to interplead. By way of interplea said defendant set up and pleaded his contract of employment by said Margaret Townes in which she agreed to pay him fifty (50) percent of whatever might be received by her and also setting up the assignment made thereafter and prayed the court to refuse to permit said plaintiff to interplead but that he be ordered to pay the same to said defendant.

"Defendant Margaret Townes filed an answer and interplea in which she admitted the allegations of plaintiff's petition, admitted that she signed a contract but pleaded that she understood that defendant Silverforb was to receive fifty (50) per cent of all sums over and above five hundred and fifty-eight dollars and one ($558.01) cent, admitted that she signed assignment but charged that she did it under duress, prayed that the money be ordered paid to her."

On October 19, 1929, the court took up the question of the right of the plaintiff to interplead and determined and entered an order that the plaintiff was entitled to interplead, and by said judgment and order permitted the plaintiff to pay said money into court and after allowing the plaintiff thirty-five dollars out of said fund, as an attorney's fee, for filing said petition, fully discharged the plaintiff. The defendant Moss H. Silverforb, objected to the court's order permitting the interplea, the payment of the money into court and the discharge of the plaintiff, and saved his exceptions at the time.

The cause was continued and on November 19, 1929, a hearing was had before the court upon the claims of the defendants, Moss H. Silverforb and Margaret Townes, and after the evidence was introduced the court took the matter under advisement until December 10, 1929, and on said date entered its decree and judgment in favor of defendant Margaret Townes, and ordered said sum of money, less the $35 allowed the plaintiff, paid to her, and assessed

the costs against the defendant Silverforb, over his objection and exception at the time.

On December 13, 1929, defendant's motion for new trial, motion in arrest of judgment, and motion and request for finding of facts and declarations of law were all overruled, and exceptions saved.

In due time an appeal to this court was allowed.

The plaintiff, Harry D. Durst, administrator, has filed a motion in this court to dismiss the appeal, as to him, for the reason that the abstract of record filed by the appellant shows on its face that this court never acquired jurisdiction of this cause so far as Harry D. Durst, administrator, is concerned; that the record shows upon its face that no valid appeal was ever taken from the circuit court on the issues tried between appellant and the plaintiff. Paragraph four of the motion to dismiss the appeal being as follows:

"(4)  Because all the records of this proceeding so far as the issues between appellant and this respondent are concerned show that upon a hearing of the issues made of the petition of plaintiff and answers of defendants thereto this respondent was discharged from any further connection with this cause by the Honorable John Schmook, Judge of Division Number 1 of the Circuit Court, Greene County, Missouri, on October 19, 1929, by the payment into court of the sum of two hundred and seventy-nine and 01/100 dollars ($279.01), the full amount of the distributive share of Margaret Townes, as an heir at law of Alice Townes Rogers and being the same amount of money that was in controversy between the appellant, Moss H. Silverforb, and respondent, Margaret Townes, and that there was no motion filed for a new trial by appellant within four (4) days of the rendering of said judgment as provided by the Revised Statutes of the State of Missouri as the first step towards an appeal from said circuit court."

The records in this case clearly show that the trial court found that the plaintiff had a right to file his petition and by proper order and judgment permitted him to pay the funds to the clerk of the court and finally discharged the plaintiff on the 19th day of October, 1929. The defendant did not file a motion for new trial affecting this order and judgment of the court until the 13th day of December, 1929, more than seven weeks after the judgment was rendered. Our courts have held that a bill of interpleader is in the nature of two successive litigations, requiring first the trying of the issue between the plaintiff and the defendant as to whether the defendant shall be required to interplead, and if the court finds in favor of the plaintiff, he goes out of the case. That is exactly what happened in this instance. By order and judgment of the court the plaintiff went out of case, and the defendant waited more than seven weeks to file a motion for new trial, which we think he could not do under the provisions of section 1456, Revised Statutes 1919,

and the holdings of our courts. [Granite Bituminous Paving Co. v. Strange et al., 8 S. W. (2d) 1087, and cases cited therein.]

But a motion for new trial is not necessary in order to appeal in some instances. In an appeal without a motion for new trial, or based on a motion for new trial filed out of time, only such errors as are apparent on the face of the record will be considered. [Mo. K. & E. Ry. Co. v. Holschlag, 144 Mo. 253, 45 S. W. 1101, 66 Am. St. Rep. 417; Sexton v. North Mo. Cent. Ry. Co., 194 S. W. 1081.] It follows that the motion to dismiss will be overruled, but this court is limited in its review, so far as plaintiff Durst is concerned, to the record proper, and we find no error therein.

Under his points and authorities the defendant, Silverforb, only briefs three points, viz.: First, The court erred in permitting plaintiff to interplead. According to our conclusions above set out, this point is not properly before us for consideration, except as shown by the record proper, upon which we have heretofore ruled. Second, The court erred in finding in favor of defendant Townes, and Third, The court erred in admitting testimony which contradicted or changed the terms of a written contract. There were other points mentioned in defendant Silverforb's motion for new trial, but he does not mention them in his points and authorities nor in his brief and argument, so we take it that he has abandoned them, here, and we shall only consider the points he relies on here, namely, the second and third assignments mentioned above.

The defendant, Silverforb, states his second assignment as follows: "The court erred in finding in favor of defendant Townes. (a) The written contract is valid and binding. (b) Attorney entitled to recover under contingent contract." There is no question but that our courts have held that under some circumstances an attorney may recover under a contingent contract, and if in this instance the contract had been established as a valid written contract, and if services had been performed thereunder, the results might have been different, but we think the answer of Margaret Townes sufficiently put the question of the validity of the contract in issue, and practically all the testimony offered by Margaret Townes was to the effect that the agreement was that Silverforb was to receive fifty per cent of what he recovered for her over and above $558.01. The testimony of Silverforb was that he was to receive fifty per cent of any amount recovered. These were questions of fact properly submitted to the court, and we think there was substantial evidence to support the court's finding.

We also think the pleadings and the circumstances under which the written contract was signed, as shown by the evidence, were sufficient to justify the court in its findings with reference to the written contract.

It follows that the judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.