Hugo Ruehling v. Pickwick-Greyhound Lines, Incorporated, Appellant.

Hugo Ruehling, Appellant, v. Pickwick-Greyhound Lines, Incorporated, and Melville Dahnoke.—85 S. W. (2d) 602.

Division One, July 9, 1935.

*Wilton D. Chapman* for Pickwick-Greyhound Lines, Incorporated.

*Gallant & Hannigan* and *Robert L. Aronson* for Hugo Ruehling.

*Gallant & Hannigan* and *Robert L. Aronson* for respondent.

*Wilton D. Chapman* for Melville Dahncke.

FERGUSON, C.—Plaintiff was injured when an automobile he was driving and a bus, owned and operated by the corporate defendant Pickwick-Greyhound Lines and in charge of the defendant Melville Dahncke, collided on Missouri State Highway 61 at or near the intersection of that highway and State Highway No. 25. Plaintiff brought this action for damages for the injuries so sustained. The petition alleges that the defendant Pickwick-Greyhound Lines is a corporation owning and operating motorbusses over Missouri State Highway 61 and that defendant Dahncke "was at all times mentioned the agent and chauffeur of the defendant, Pickwick-Greyhound Lines." It is then alleged that the collision was caused by the negligent manner, in several specified respects, in which Dahncke drove the bus predicating the liability of the Pickwick-Greyhound Lines, the corporate defendant, wholly and solely upon the rule or doctrine of *respondeat superior*. Plaintiff asked damages in the sum of $40,000. Defendants filed a joint answer, a general denial followed by allegations to the effect that "whatever injuries, if any" plaintiff received "were directly due to or were contributed to by plaintiff's own negligence and carelessness" in the manner stated. Plaintiff's replication was a general denial. Upon a trial in the Circuit Court of the City of St. Louis the jury returned the following verdict: "We, the jury in the above entitled cause, find the issues herein joined in favor of the plaintiff and against defendant Pickwick-Greyhound Lines, Inc., a corporation, and we assess plaintiff's damages at the sum of $7500 (seventy-five hundred dollars) and we further find in favor of defendant Melvin Dahncke." The motion of the Pickwick-Greyhound Lines for a new trial was overruled as was plaintiff's motion for new trial as to defendant Dahncke and judgment entered in conformity with the verdict from which both plaintiff and the Pickwick-Greyhound corporation appealed.

While any party to the action considering himself aggrieved may appeal from the judgment cross-appeals or separate appeals in the same case are not received and treated as separate cases in the appellate court but "the case retains its unity throughout the appeal" and is "properly only one case in that appellate court which has jurisdiction." [Walsh v. Southwestern Bell Telephone Co., 331 Mo. 118, 52 S. W. (2d) 839; Morton v. Southwestern T. & T. Co., 280 Mo. 360, 217 S. W. 831; Sandusky v. Sandusky, 265 Mo. 219, 177 S. W. 390.] As each appellant has separately perfected an appeal and each has been separately docketed here (Pickwick-Greyhound Lines' appeal as No. 32959, and plaintiff's appeal as No. 32960) we make the foregoing observation and proceed to a consideration of the two appeals as one case. In view of the cross-appeals the amount

in dispute is such as to give this court jurisdiction. [See cases cited supra.]

Pickwick-Greyhound Corporation, as appellant, submits that the verdict and judgment in this case cannot stand since under the pleadings the corporate defendant's liability, if any, is wholly dependent upon a finding by the jury that the alleged negligent acts of its employee caused plaintiff's injuries and the servant having been exonerated by the verdict of the jury it follows that there can be no liability on the part of the master and the judgment against it cannot therefore stand and must be reversed. As we have pointed out the action is not against the two defendants as joint tort-feasors but under the petition if the employer is liable at all it is because of the doctrine of *respondeat superior*, "the rule of law which holds the master responsible for the negligent act of his servant committed while the servant is acting within the general scope of his employment and engaged in his master's business." Such is this case. The gravamen of the charge is the negligence of the employee and no recovery can be had unless it is found by the jury that the employee was negligent therefore when the jury found in favor of the defendant employee, and thereby that he was not negligent, it necessarily followed there could be no liability on the part of the employer. The same situation as to verdict and judgment was ruled in McGinnis v. Chicago, Rock Island and Pacific Ry. Co., 200 Mo. 347, 98 S. W. 590. In that case McGinnis, an employee of the defendant railway company, was injured while engaged in loading a handcar onto a railroad work car. It was alleged that the injury was caused by the negligent act of one French, a fellow workman. McGinnis brought an action for damages against French and the railway company based necessarily, as in the instant case, on the doctrine of *respondeat superior*. A verdict was returned, and judgment entered thereon, in favor of defendant French, but against the defendant company in the sum of $10,000. The company appealed but the plaintiff "took no further action as to" defendant French "by way of appeal or otherwise." This court said: "We are firmly of the opinion that in cases where the right to recover is dependent solely upon the doctrine of *respondeat superior* and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, as was true in the case in hand, there should be no judgment against the master. The verdict in this case is a monstrosity. The jury say French was guilty of no negligence, yet, in the same breath, say the company was guilty of negligence, although nothing further was done by the company than what it did through French, its servant. Such a verdict is wrong, it is inconsistent and unreasonable. . . . French has been acquitted of the charge of negligence. Plaintiff takes no further action as to him by way of appeal or otherwise. . . . It follows

that the judgment should be reversed and it is so ordered." [See, also, Michely v. Mississippi Valley Structural Steel Co., 221 Mo. App. 205, 299 S. W. 830, and Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899, and cases there cited.]

But, as respondent, plaintiff says this complaint and contention of the Pickwick-Greyhound Corporation was not sufficiently and specifically set forth in its motion for a new trial and therefore cannot be considered on appeal. The grounds in its motion for a new trial to which the Pickwick-Greyhound corporation directs our attention as being sufficiently inclusive are: that "the verdict is against the law;" "the verdict is against the evidence;" and that "the verdict is against the law, the evidence and the law under the evidence." Appellant's contention, to which we shall presently refer, is, in effect, that the verdict, under the pleadings and the evidence, is without warrant of law and in view thereof defendant contends that the grounds noted while general are sufficient but without so ruling or entering here upon a discussion as to the sufficiency of the motion in question, or the office of a motion for new trial generally and the requirements thereof, we think the defect in, or invalidity of, the verdict and judgment complained of arises on the face of the record proper and therefore can be properly reviewed here had no motion for a new trial been filed. [Stephens v. D. M. Oberman Mfg. Co., supra; Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S. W. (2d) 126; Warren v. Badger Lead & Zinc Co., 255 Mo. 138, 164 S. W. 208; Durst v. Townes, 224 Mo. App. 675, 31 S. W. (2d) 583; Chilton v. Drainage District, 224 Mo. App. 467, 28 S. W. (2d) 120; City of St. Louis v. Dietering (Mo. App.), 27 S. W. (2d) 711; Dysart v. Crow, 170 Mo. 275, 70 S. W. 689; State ex rel. v. Carroll, 101 Mo. App. 110, 74 S. W. 468.] The petition, all subsequent pleadings, the verdict and the judgment are included in the record proper. [Capitain v. Mississippi Valley Trust Co. (Mo.), 177 S. W. 628; Pickel v. Pickel, 176 Mo. App. 673, 159 S. W. 774; Fenn v. Reber, 153 Mo. App. 219, 132 S. W. 627.] The petition and the cause of action as therein stated and the verdict considered it is apparent that the verdict is inconsistent and without any warrant or basis in law and that no valid judgment can be founded, or stand, thereon against the Pickwick-Greyhound Corporation because the verdict "shows that the jury found the facts upon which" that defendant's "liability must depend" in its favor; "namely that the employer was not negligent." [Stephens v. D. M. Oberman Mfg. Co., supra.] As said in the McGinnis case, supra, the "verdict . . . is a monstrosity" and cannot be permitted to stand therefore the judgment entered thereon must be reversed but error presented upon plaintiff's appeal, and which appears to have occasioned the erroneous verdict, requires that the cause be remanded.

Plaintiff, as appellant, cites as error the action of the trial court, to which the plaintiff objected and excepted, in giving to the jury the form of verdict which they returned herein as one of the written forms of verdict which they were authorized to return. In this connection plaintiff correctly says that under the pleadings and evidence in this case "if either" of the defendants was liable "both were liable." Both plaintiff and defendants concede that under the pleadings in this case the liability of the employer, the corporate defendant, is dependent solely upon the doctrine of *respondeat superior* and that there is no basis, either in the pleadings or evidence, for the verdict returned herein. The giving, by the trial court, of this form of verdict was, in effect, and tantamount to, an instruction that they were authorized to make such finding and was apparently so understood by them and therefore misleading and prejudicial. The judgment is therefore reversed and the cause remanded. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.